# CIRCUIT COURT OF THE CITY OF SALEM

Commonwealth of Virginia

v.

Edward H. Dehart, Jr.

August 22, 2012

Case Nos. CR12-27, CR12-28

By Judge Robert P. Doherty, Jr.

A Montgomery County resident reported to the Sheriff that, on July 30, 2011, a burglary occurred at his residence, that power tools were stolen, that a utility trailer was burned, that copper tubing was stolen from the trailer, and that a red accelerant, consistent with "off road diesel fuel," had been poured in the lower level of the house and on a plastic tarp covering wood flooring boards. The Sheriff determined that Defendant, a prior convicted felon, had a criminal record that consisted of at least one arson and at least one burglary. They discovered that he had purchased four gallons of "off road diesel fuel" at a convenience store in the Riner area of Montgomery County, that being the same area of Montgomery County that victim's home was located, at 11:32 p.m. on the day prior to the burglary and arson. The Sheriff also found out that Defendant, a driver for a lumber company, had delivered building supplies to the victim's residence on July 26, 2011, four days prior to the burglary.

On the strength of those facts, a search warrant was issued to search Defendant's Montgomery County residence for the stolen tools and copper, and for accelerants, soiled clothing and other evidence related to the burglary, theft, and arson. Upon a search of Defendant's residence, evidence was developed that indicated the stolen goods might be located at a storage locker Defendant rented in Montgomery County. A second search warrant was issued and numerous power tools were located and seized. Some of the tools were found to have been stolen during the Montgomery County

burglary, and some were found to have been stolen from a contractor in the City of Salem. Defendant was charged with the Montgomery County crimes and he was charged with the larceny offense and a related destruction of property offense in the City of Salem.

On the Salem charges, Defendant filed a Motion to Suppress the evidence seized as a result of the several search warrants, claiming probable cause did not exist for the issuance of the first search warrant. He further claims that, because probable cause for the second search warrant came from evidence obtained as a result of the improper first search warrant, evidence gathered from the second search warrant is therefore inadmissible because of the "fruit of the poisonous tree doctrine." The Commonwealth's Attorney for the City of Salem argues that probable cause existed for the issuance of both search warrants and that all evidence obtained as a result of the searches are admissible. The Commonwealth argues in the alternative that, if probable cause did not exist for issuance of the search warrant, the "good faith" exception should apply and the seized goods should be admitted into evidence.

### Probable Cause

The initial question to be answered in this case is whether or not probable cause existed for the issuance of the original search warrant. The U.S. Supreme Court, when discussing the concept of probable cause in *Ornelas v. United States*, 517 U.S.690, 695-96 (1996), said:

> Articulating precisely what . . . "probable cause" mean[s] is not possible. [It is a] common sense, nontechnical [concept] that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. As such, the standards are not readily, or even usefully, reduced to a neat set of legal rules. We have described . . . probable cause to search as existing where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.

The determination of whether the known facts and circumstances are sufficient to find probable cause to justify the issuance of a search is made by a trained, neutral, and detached magistrate. Although it deals with a technical legal issue, the decision concerning a finding of probable cause requires a common sense application of the facts and the law.

In most cases one can substitute the word "probably" for the phrase "probable cause" and get the right result. Probable cause deals with probabilities. *Saunders v. Commonwealth*, 218 Va. 294, 300 (1977). For

example, if, on the above facts, a reasonable person would find that the stolen goods or evidence of the crime would probably be found in Defendant's residence, probable cause exists for the issuance of a search warrant. If, on the other hand, a reasonable person could not reach that conclusion, then probable cause does not exist for the issuance of a search warrant.

Insofar as the facts of this case are concerned, when viewed in the light most favorable to the Commonwealth, the Court finds as a matter of fact that a reasonable person could not logically conclude that stolen goods or evidence of the crime would probably be found at Defendant's residence. Such a finding would stretch the imagination. Probable cause for the issuance of this search warrant is not found on the facts contained within the four corners of the Affidavit for Search Warrant filed in this case. No evidence was presented to this Court concerning any supplemental affidavit or sworn testimony that might have been presented to the magistrate and used by him to find probable cause. See *Ward v. Commonwealth*, 273 Va. 211, 218 (2007), and *Derr v. Commonwealth*, 242 Va. 413 (1991).

## *Good Faith Exception*

The "good faith exception to the exclusionary rule" is the alternate theory argued by the Commonwealth if the Court found that probable cause did not exist for the issuance of the search warrant. Simply stated, the exclusionary rule prevents the government from introducing evidence obtained as a result of an unlawful search and seizure, in violation of the U.S. Constitution. The purpose of the exclusionary rule is to "deter police misconduct rather than to punish the errors of judges and magistrates." *United States v. Leon*, 468 U.S. 897, 916 (1984). "This deterrent is absent where an officer, acting in objective good faith, obtains a search warrant from a magistrate and acts within the scope of the warrant." *Derr v. Commonwealth*, 242 Va. 413, 422 (1991). An excellent discussion of the "good faith exception to the exclusionary rule" is found in *Adams v. Commonwealth*, 275 Va. 260 (2008).

The "good faith exception to the exclusionary rule" is that, if police officers conduct a search in good faith relying on a search warrant received from a neutral and detached magistrate, the evidence seized is admissible, even though the magistrate mistakenly determined probable cause existed when it did not. There are exceptions to this rule. They are: (1) if the police lied to the magistrate in order to obtain the search warrant; (2) if the magistrate was biased in favor of the police and gave up his neutral role as a judicial official; (3) if a reasonably trained police officer could look at the affidavit and determine that it was not reasonable to believe that probable cause existed; and (4) if a review of the search warrant shows that it is either not complete or invalid on its face. If any of those circumstances existed,

the good faith exception could not be used. None of those circumstances exist here. See *United States v. Leon, supra.*

In this case, the "good faith exception to the exclusionary rule" applies. "An officer's decision to obtain a [search] warrant is prima facie evidence that he or she was acting in good faith." *Adams v. Commonwealth, supra,* 273, citing *United States v. Koerth,* 312 F.3d 862, 868 (7th Cir. 2002). The stipulated facts indicate the officers were acting in good faith, reasonably, and under the authority of an apparently valid warrant. No evidence to the contrary was presented. Accordingly, the evidence seized as a result of the first search warrant is admissible, even though probable cause did not exist.

### Second Search Warrant

The final issue before the Court is Defendant's argument that the items seized as a result of the second search warrant should not be admitted into evidence as they violate the "fruit of the poisonous tree" doctrine. That rule is not just that evidence seized as a result of an unlawful search may not be used against the victim of the search, but it furthers that prohibition in that the evidence and knowledge gained in an unlawful search cannot be used to further the government's interest in any way. "Thus, verbal evidence which derives so immediately from an unlawful entry . . . is no less the 'fruit' of official illegality than the more common tangible fruits of the unwarranted intrusion." *Wong Sun v. United States,* 371 U.S. 471, 485 (1963). Defendant contends that evidence and statements obtained from the original search that was based on a warrant deficient in probable cause constitute fruit of the poisonous tree and were used as the basis for the second search warrant.

Defendant's uses an incorrect fact in his reasoning. The original search warrant, although lacking in probable cause, did not result in an unlawful search. The actions of the police in executing the search warrant "in good faith, reasonably, and under the authority of an apparently valid warrant. . . ." made the search lawful. Items and statements were validly seized. *Derry v. Commonwealth, supra,* 423. Because the original search was lawful, the "fruit of the poisonous tree" doctrine did not apply, and the second search warrant was valid, just the same as was the second search warrant in *Derr, id.* Defendant's Motion to Suppress evidence seized or obtained as a result of either search warrant will be denied.